**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CALVIN ERVIN McNAC, #1240121,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:10-CV-2407-P-BK** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, which the District Court stayed pending a ruling on Petitioner's appeal. For the reasons that follow, it is recommended that he stay be lifted and that the successive petition be transferred to the United States Court of Appeals for the Fifth Circuit.

**I.  BACKGROUND**

Petitioner was convicted of sexual assault of a child and sentenced to twenty years' imprisonment. *State v. McNac,* No. F03-71678-HT (283rd Jud. Dist. Ct., Dallas County). The state court of appeals affirmed the trial court's judgment and, after granting a petition for discretionary review, the Texas Court of Criminal Appeals affirmed the judgment of conviction. *See McNac v. State*, No. 05-06-01360-CR (Tex. App. – Dallas Aug. 18, 2005, pet. granted), *aff'd*, 215 S.W.3d 420 (Tex. Crim. App. Feb. 14, 2007). Subsequently, Petitioner unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Ex parte McNac*, WR-

65,494-06 (Tex. Crim. App. Jan. 8, 2008) (denying state application); *McNac v. Thaler*, No.

3:09-CV-1837-P, 2010 WL 2382331 (N.D. Tex. May 18, 2010), accepting magistrate judge's

recommendation, 2010 WL 2367343 (N.D. Tex. Jun. 8, 2010) (dismissing federal petition as

barred by the one-year statute of limitations), *aff'd*, 2012 WL 2735337 (5th Cir. Jul. 9, 2012)

(unpublished *per curiam*).

After the dismissal of his first federal petition and the filing of a notice of appeal,

Petitioner submitted an amended habeas petition, alleging actual innocence based on newly

discovered evidence.  *McNac*, No. 3:09-CV-1837-P (Doc. 40).  Because Petitioner again sought

to challenge his conviction for sexual assault of a child, the Court opened a new habeas case and

stayed the same in light of the pending appeal.  *See Koumjian v. Perry*, 325 Fed. Appx. 317, 318

(5th Cir. 2009) (unpublished *per curiam*) (debatable whether a habeas petition is successive

under 28 U.S.C. § 2244(b) unless appeal from prior denial or dismissal is affirmed).  The United

States Court of Appeals for the Fifth Circuit recently affirmed the dismissal of Petitioner's first

federal petition on limitations grounds.  *McNac*, 2012 WL 2735337.  Accordingly, the stay of

this case should be lifted.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances

under which a petitioner may file a second or successive application for federal habeas relief.

*See* 28 U.S.C. § 2244(b).  In general, to raise a new claim, the petitioner must show that the

successive application is based on: (1) a new rule of constitutional law made retroactive to cases

on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and

viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable fact finder would have found him guilty of the offense.

*See* 28 U.S.C. § 2244(b)(2).  Before a petitioner may file his application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case.  Petitioner must obtain such an order before he can file a successive petition for habeas relief under section 2254 challenging his underlying criminal conviction.  Therefore, the section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit Court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the stay be **LIFTED** and that Petitioner's successive petition for writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3).

SIGNED July 18, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE